United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KUSHVINDER SINGH,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-05664 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Re: Dkt. Nos. 1, 3

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 3) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively, a constitutionally adequate post deprivation hearing. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing India, Petitioner entered the United States on April 25, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 at 5. Petitioner was released from custody shortly thereafter on his own recognizance, and placed in removal proceedings. *Id*. After his release, Petitioner applied for asylum, began working at a gas station and as a delivery driver, and claims to have attended all scheduled immigration check-ins and proceedings. *Id*. at 5–6. Respondents also note that Petitioner was arrested for driving under the influence on July 26, 2025, though the criminal case is still pending. Dkt. No. 7-1 at 3. Records indicate that ICE determined the arrest to be a violation of the conditions of Petitioner's release and arrested him on July 9, 2026 during a scheduled immigration check-in. *Id*. at 2–3.

Many prior orders within this district are dispositive on the issues raised in the Petition and

motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 20, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders. Dkt. No. 6. Respondents filed an opposition on July 22, 2026, noting that "[t]his is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention pending a final order of removal." Dkt. No. 7 at 1. Their sole argument in opposition is that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)—an argument which this Court and others have repeatedly rejected. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). The Court

United States District Court
Eastern District of California

does the same here.

Given Respondents' criminal history, Respondents' concession, and that both parties indicated in their briefing that they would prefer that the Court resolve both the motion and the underlying petition on the current briefing, the Court finds that the appropriate remedy is a constitutionally adequate bond hearing. *See* Dkt. No. 7 at 2; Dkt. No. 8 at 8. Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED IN PART, for the reasons stated in the orders referenced in the Court's order to show cause:

1. Petitioner SHALL be provided a *substantive* bond hearing within fourteen (14) days, or a later date if requested by Petitioner, at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.

2. At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner SHALL be allowed to have counsel present.

3. Respondents SHALL file a status report within one week of the hearing being held which attaches the Immigration Judge's order and/or describes the outcome and findings of the order.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 27, 2026

EDWARD J. DAVILA
United States District Judge